Curia, per

Butler, J.
The testimony introduced to show that Peti-gru had been guilty of having taken two coats, with a view to discredit him, was clearly incompetent; and there is little doubt that the presiding *Judge would have rejected it, if an objection had been made to its competency. I assume, as it is inferable from the facts reported — that no ojection was made to the introduction of the testimony. The question is, how was it to be regarded after it was permitted to go to the jury. Incompetent te%timony is frequently received by consent; indeed parties are, sometimes, sworn themselves in their own case. When such testimony is so received, it is usually regarded as competent testimony is — to be believed or not believed, as the jury may think proper.
The effect and influence of testimony must depend upon the minds of those who are to be governed bv it. What weight will be given to testimony is a question for the jury, and not for the Judge Iso one mind can prescribe limits to the belief of another, nor say what influence evidence is to have in producing belief. The Judge who tried this case says, “I did restrain counsel within the specified limits, (I suppose the limits specified in the grounds of appeal,) and I refused to permit them to draw conclusions from the evidence of Petigru’s guilt.” This, the Court is of opinion, the Judge could not do. After the evidence was fairly before the jury, counsel had a right to comment on it, as on any other evidence.
The motion for a new trial is granted.
The whole Court concurred.